JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY | MONAVIE, INC. and MONAVIE, LLC |

**(b)** County of Residence of First Listed Plaintiff    New York County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Salt Lake County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey L. Silvestrini, Vernon L. Hopkinson, Cohne Rappaport & Segal, P.C., 257 E. 200 S., Ste. 700, Salt Lake City, UT 84147-0008, 801.532.2666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
    Plaintiff

☐ 3 Federal Question
    *(U.S. Government Not a Party)*

☐ 2 U.S. Government
    Defendant

☒ 4 Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2201
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
05/23/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jeffrey L. Silvestrini

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Jeffrey L. Silvestrini (Bar No. 2959)
Vernon L. Hopkinson (Bar No. 3656)
Cohne Rappaport & Segal, P.C.
257 E. 200 S., Ste. 700
Salt Lake City, UT  84147-0008
801.532.2666
jeff@crslaw.com
vern@crslaw.com

Daniel J. Standish (*pro hac vice* to be filed)
Parker J. Lavin (*pro hac vice* to be filed)
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
202.719.7000
dstandish@wileyrein.com
plavin@wileyrein.com

Counsel for Starr Indemnity & Liability Co.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MONAVIE, INC. and MONAVIE, LLC,<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT<br><br><br>Case No. 2:14-cv-00395-DN<br><br>Judge  David Nuffer |

Plaintiff Starr Indemnity & Liability Co. ("Starr"), by and through its undersigned

counsel, brings this action for declaratory judgment against defendants MonaVie, Inc. and

MonaVie, LLC (collectively, "MonaVie"), seeking a declaration that coverage is not available

for three related lawsuits submitted for coverage by MonaVie under two claims-made insurance

policies Starr issued to MonaVie.  In support of the Complaint, Starr alleges on knowledge,

information and belief as follows:

<u>**NATURE OF THE ACTION**</u>

1.       Starr files this action seeking a judicial determination and declaration that two

successive directors and officers ("D&O") liability insurance policies – Resolute Portfolio For

Private Companies Policy No. SISIFNL20071412 (the "2012 Policy") and Resolute Portfolio For

Private Companies Policy No. SISIFNL20071413 (the "2013 Policy") (collectively, the

"Policies" or the "Starr Policies")[1] – issued by Starr to MonaVie do not afford coverage to

MonaVie for three related lawsuits tendered to Starr for coverage on the grounds identified

herein.

2.       An actual and justiciable controversy has arisen and now exists relating to the

parties' respective rights, duties, and obligations under the Policies.

3.       MonaVie reported under the 2012 Policy a lawsuit captioned *Parker, et al. v.*

*MonaVie, Inc., et al.*, No.12-1983 (C.D. Cal.) (the "*Parker* action"), which is a putative class

action brought by a consumer of MonaVie's juice products alleging, *inter alia*, false and

misleading representations in connection with the multi-level marketing scheme of MonaVie and

its distributors of its "overpriced" juice by falsely promoting the health benefits of the juice.

4.       MonaVie reported under the 2013 Policy lawsuits captioned *Pontrelli v. MonaVie,*

*Inc., et al.*, No. 2:13-cv-4649 (D.N.J.) (the "*Pontrelli* action"), and *Gonzalez v. MonaVie, Inc., et*

*al.*, No. CIVDS1309111 (Cal. Super. Ct., San Bernardino Cnty.) (the "*Gonzalez* action"), which

---

[1] Except as otherwise indicated, the relevant terms and conditions of the 2012 Policy and 2013
Policy are identical.  Accordingly, this Complaint refers and cites to the 2012 Policy and 2013
Policy, collectively, as the "Policies" or the "Starr Policies."

are putative class action complaints brought by consumers that were each filed on the same date by the same plaintiffs' counsel.  Both the *Pontrelli* and *Gonzalez* actions allege, *inter alia*, false advertising in connection with MonaVie's multi-level marketing scheme and the allegedly inflated prices of its juices and false claims related to both health benefits of the juices and the benefits of becoming a MonaVie distributor.

5.      Prior to the inception of the Policies, in March 2008, MonaVie was named as a defendant in a case captioned *Quixtar Inc. v. MonaVie, Inc., et al.*, No. 2:085-cv-209-BSJ (D. Utah) (the "*Quixtar* action").  The *Quixtar* action was brought against MonaVie by one of its competitors and alleges, *inter alia*, false advertising and unfair trade practices based on the promotion of false medical benefits of MonaVie's juice products.  Upon information and belief, MonaVie provided notice of the *Quixtar* action to its D&O carrier at the time that action was filed, Zurich Insurance Company ("Zurich"), which provided MonaVie with a defense to the *Quixtar* action.

6.      Two years later, and also prior to the inception of the Starr Policies, MonaVie was named as a defendant in *Oliver v. MonaVie, Inc., et al.*, No. CV-2010-644-1 (Ark. Cir. Ct., Miller Cnty.) (the "*Oliver* action"), a putative class action complaint brought by a consumer alleging, *inter alia*, false and misleading advertising in connection with MonaVie's multi-level marketing scheme of its juices and claims by MonaVie and its independent distributors that MonaVie's juices prevent and treat illnesses.  MonaVie provided notice of the *Oliver* action to Allied World National Assurance Company ("Allied World"), its D&O carrier at the time of the *Oliver* action's filing.

7. The Policies each contain a Prior Notice Exclusion, which bars coverage for all Claims "alleging, arising out of, based upon or attributable to the same or essentially the same facts alleged, or to the same or related Wrongful Act(s) alleged or contained in any Claim which has been reported, or in any circumstances of which notice has been given, before the inception date of this policy . . . , under any policy, whether excess or underlying, of which this policy is a renewal or replacement or which it may succeed in time." Because the *Quixtar* and *Oliver* actions were each tendered to MonaVie's prior D&O carriers, and because the *Parker*, *Pontrelli* and *Gonzalez* actions "alleg[e], aris[e] out of, [are] based upon or attributable to the same or essentially the same facts alleged, or to the same or related Wrongful Act(s) alleged or contained" in the *Quixtar* action and the *Oliver* action, the Prior Notice Exclusion in the Policies bars coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions under the Policies.

8. In addition, the Policies each contain a Pending or Prior Litigation Exclusion, which bars coverage for Claims "alleging, arising out of, based upon or attributable to, as of the Pending or Prior Date set forth in [the applicable Policy], any pending or prior . . . litigation . . . of which an Insured had notice, including any Claim alleging or derived from the same or essentially the same facts, or the same or related Wrongful Act(s), as alleged in such pending or prior litigation." Here, the Pending or Prior Date in each of the Policies for the first $1 million is a date prior to the filing of the *Quixtar* action and the applicable dates for remaining $9 million in limits under each of the Policies are dates that post-date the filing of the *Quixtar* action. Because the *Parker*, *Pontrelli* and *Gonzalez* actions "alleg[e] or derive[] from the same or essentially the same facts, or the same or related Wrongful Act(s), as alleged in" the *Quixtar* action, to the extent coverage is not otherwise excluded under the Policies, the Pending or Prior

Litigation Exclusion bars coverage for the $9M excess of the first $1M in coverage available under the 2012 Policy for the *Parker* action.  Likewise, the Pending or Prior Litigation Exclusion bars coverage for the $9M excess of the first $1M in coverage available under the 2013 Policy for the *Pontrelli* and *Gonzalez* actions.

9.      Further, no coverage exists for amounts sought in the *Parker*, *Pontrelli* and *Gonzalez* actions to the extent the relief sought in those actions does not constitute "Loss" under the Policies.  The definition of "Loss" expressly carves out "matters which may be deemed uninsurable under applicable law."  The *Parker*, *Pontrelli* and *Gonzalez* actions each request that MonaVie be compelled to return funds received for its products that was improperly obtained based on the allegations in the complaints and for the restitution and for disgorgement of any other wrongfully acquired funds.  Such amounts do not constitute "Loss" to the extent they are uninsurable as a matter of law.

## PARTIES

10.      Plaintiff Starr is a corporation organized and existing under the laws of the State of Texas with its principal place of business located in New York, New York.  Starr legally transacts insurance business in the State of Utah and within the geographical jurisdiction of this Court.

11.      Defendant MonaVie, Inc. is a corporation organized and existing under the laws of the State of Utah with its principal place of business in South Jordan, Utah.

12.      Defendant MonaVie, LLC is a Delaware limited liability company with its principal place of business in South Jordan, Utah.  Defendant MonaVie, LLC is a subsidiary of

5

or otherwise controlled by MonaVie, Inc.  Upon information and belief, the members of

MonaVie, LLC are not citizens of New York or Texas.

## JURISDICTION AND VENUE

13.     Starr brings this action for declaratory judgment pursuant to the Federal

Declaratory Judgment Act, 28 U.S.C. § 2201, for the purposes of determining a question of

actual controversy between the parties.  This Court has jurisdiction over this action pursuant to

28 U.S.C. § 1332(a).  There is complete diversity between the parties, and the amount in

controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.  A substantial part of

the events giving rise to the claims at issue occurred in this district.

15.     This action is ripe for adjudication.

## FACTUAL ALLEGATIONS

A.     **The Starr Policies**

16.     The 2012 Policy was issued to MonaVie with a claims-made policy period of

May 1, 2012 to May 1, 2013 and provides specified coverage and limits of $10 million each

Claim and in the aggregate, subject to a $75,000 retention for each Claim.  2012 Policy,

Declarations, Items 1-5.  A true and correct copy of the 2012 Policy, without the application

materials, is attached as Exhibit 1.

17.     The 2013 Policy was issued to MonaVie with a claims-made policy period of

May 1, 2013 to May 1, 2014, extended by endorsement to June 30, 2014, and provides specified

coverage and limits of $10 million each Claim and in the aggregate, subject to a $100,000

retention for each Claim.  2013 Policy, Declarations, Items 1-5, as amended by Endorsement Nos. 10 and 11.  A true and correct copy of the 2013 Policy, without the application materials, is attached as Exhibit 2.

18.     In relevant part, the Policies provide that "[Starr] shall pay on behalf of the Company the Loss arising from a Claim first made during the Policy Period (or Discovery Period, if applicable) against the Company for any Wrongful Act, and reported to [Starr] in accordance with the terms of this policy."  Policies, Directors and Officers Liability Coverage Section ("D&O Coverage Section"), Clause 1.C.

19.     The "Company" is defined to include the "Parent Company" named in Item 1 of the Declarations as well as "any Subsidiary."  *Id*., General Terms & Conditions Section ("GT&C Section"), Clause 2(c) and (i).  MonaVie, Inc. is the entity named in Item 1 of the Declarations and MonaVie, LLC is a Subsidiary of MonaVie, Inc., and thus both entities constitute the "Company."

20.     With respect to the D&O Coverage Section, the Policies define "Claim" to mean, in relevant part, any "judicial, administrative or regulatory proceeding, whether civil or criminal, for monetary, non-monetary or injunctive relief commenced against an Insured, including any appeal therefrom, which is commenced by . . . service of a complaint or similar pleading."  *Id*., D&O Coverage Section, Clause 2(a)(i).

21.     "Loss" is defined, in relevant part, as:

(1) damages, settlements or judgments; (2) pre-judgment or post-judgment interest; (3) costs or fees awarded in favor of the claimant; (4) punitive, exemplary or the multiplied portion of any multiple damages awards, but only to the extent that such damages are insurable under the applicable law most favorable to the insurability of such damages; . . . and (6) Defense Costs.

*Id.*, D&O Coverage Section, Clause 2(h).

22.     The Policies further provide that :

"Loss" does not include:(i) any amounts for which the Insureds are not legally liable; (ii) any amounts which are without legal recourse to the Insureds; (iii) taxes; (iv) fines and penalties, except as provided for in Definition (h) (4) above; (v) matters which may be deemed uninsurable under applicable law; or (vi) any amounts paid or incurred in complying with a judgment or settlement for non-monetary or injunctive relief, but solely as respects the Company.

*Id.*

23.     "Wrongful Act" is defined as, "with respect to the Company, any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by the Company." *Id.*, D&O Coverage Section, Clause 2(l)(3).

24.     The Policies provide that "if written notice of a Claim has been given to [Starr] pursuant to this Clause 5, then a Claim which is subsequently made against an Insured and reported to [Starr] pursuant to this Clause 5, alleging, arising out of, based upon or attributable to the facts alleged in the previously noticed Claim, or alleging the same or related Wrongful Act alleged in the previously noticed Claim, shall be considered related to the previously noticed Claim and shall be deemed to have been made at the time notice of the previously noticed Claim was provided to [Starr]." *Id.*, GT&C, Clause 5.

25.     The Policies state that Starr "has the right and duty to defend any Claim against any Insured covered under this policy, even if such Claim is false, fraudulent or groundless . . ." *Id.*, GT&C, Clause 6.  The Policies further provide that "[Starr] shall pay Defense Costs prior to the final disposition of any Claim, excess of the applicable retention and subject to all other terms and conditions of this policy.  In the event and to the extent that the Insureds shall not be entitled to payment of such Loss under the terms and conditions of this policy, such payments by

8

[Starr] shall be repaid to [Starr] by the Insureds, severally according to their respective interests."

*Id*.

26.    The Prior Notice Exclusion in the D&O Coverage Section of the Policies provides

that coverage is barred for any Loss in connection with any Claim:

> alleging, arising out of, based upon or attributable to the same or essentially the same
> facts alleged, or to the same or related Wrongful Act(s) alleged or contained in any Claim
> which has been reported, or in any circumstances of which notice has been given, before
> the inception date of this policy as set forth in Item 2 of the Declarations, under any
> policy, whether excess or underlying, of which this policy is a renewal or replacement or
> which it may succeed in time.

*Id*., D&O Coverage Section, Clause 3(g).

27.    The Pending or Prior Litigation Exclusion in the D&O Coverage Section of the

Policies provides that coverage is barred for any Loss in connection with any Claim:

> alleging, arising out of, based upon or attributable to, as of the Pending or Prior Date set
> forth in Item 6 of the Declarations as respects this Coverage Section, any pending or
> prior: (1) litigation; or (2) administrative or regulatory proceeding or investigation of
> which an Insured had notice, including any Claim alleging or derived from the same or
> essentially the same facts, or the same or related Wrongful Act(s), as alleged in such
> pending or prior litigation or administrative or regulatory proceeding or investigation.

*Id*., D&O Coverage Section, Clause 3(f).

28.    Pursuant to the Declarations of the Policies, the Pending or Prior Date for the first

$1 million is January 16, 2004; September 18, 2008 for the next $4 million and November 3,

2008 for the final $5 million of the $10 million aggregate limit of the Policies.  *Id*., Declarations,

Item 6.

## B.    The MonaVie Litigation

### (i)    The Pre-Policy Period Lawsuits

29.    In March 2008, Quixtar, Inc., a competitor of MonaVie, filed the *Quixtar* action

against MonaVie in this Court.  It alleged violations of non-compete provisions concerning

9

MonaVie's alleged intentional interference with Quixtar's distributors and false advertising and unfair trade practices based on the promotion of false medical benefits of MonaVie's juice products.  A true and correct copy of the *Quixtar* complaint is attached as Exhibit 3.

30.     Among other allegations, the *Quixtar* action specifically alleges that MonaVie utilizes a multi-level marketing scheme, similar to Quixtar's, and that through this marketing scheme and MonaVie's distributors, MonaVie falsely represented and made misleading statements concerning the health benefits of its juice products, including that the juices work as a pain reliever, sleep aid and/or to cure cancer.

31.     The *Quixtar* complaint further alleges that MonaVie uses its website and celebrity, medical expert and other testimonials to falsely misrepresent the alleged benefits of its products, including by NASCAR driver Geoff Bodine and Dr. Lou Niles, in order to deceive MonaVie's customers into purchasing its products.

32.     Based on these and other allegations, the *Quixtar* action asserted causes of action for violations of the Lanham Act, the Utah Truth in Advertising Act, tortious interference with business relationships and civil conspiracy.  As to relief, the *Quixtar* action sought disgorgement of MonaVie's profits as well as injunctive and other relief.

33.     Upon information and belief, MonaVie tendered the *Quixtar* action to Zurich, its D&O carrier at the time the *Quixtar* action was filed, and Zurich defended the *Quixtar* action under its policy.

34.     In December 2010, Joe Neal Oliver filed the *Oliver* action against MonaVie in Arkansas state court.  A true and correct copy of the *Oliver* complaint is attached as Exhibit 4.

35.     The *Oliver* action alleges that MonaVie and its distributors, through its multi-level marketing scheme, have engaged in a fraudulent scheme to market MonaVie's juice products and sell them to consumers by falsely promoting the health and medicinal benefits of its juice products.

36.     In support of these false representations, the *Oliver* action alleges that MonaVie uses its website and celebrity, medical expert and other testimonials to misrepresent the alleged benefits of its products, including by NASCAR driver Geoff Bodine and Dr. Lou Niles, in order to deceive MonaVie's customers into purchasing its products at inflated prices that have no health benefits at all.

37.     Based on these and other allegations, the *Oliver* action asserted causes of action for civil conspiracy, negligence, violations of the Arkansas Deceptive Trade Practices Act, unjust enrichment, fraud and constructive fraud.  As to relief, the *Oliver* complaints sought to recover the amounts plaintiff and the putative class overpaid for the MonaVie products and disgorgement of other amounts that MonaVie was unjust enriched.

38.     MonaVie tendered the *Oliver* action to Allied World, its D&O carrier at the time the *Oliver* action was filed.  Allied World defended the *Oliver* action under a full reservation of rights and filed an action seeking a declaration of no coverage under its policy for the *Oliver* action on the grounds, inter alia, that it relates back to the *Quixtar* action.

**(ii)     The *Parker* Action**

39.     In November 2012, Adam Parker and Andrew Harbut filed the *Parker* action, a putative class action complaint brought on behalf of California residents and a sub-class of

11

Missouri residents, in California federal district court.  A true and correct copy of the *Parker*

complaint is attached as Exhibit 5.

40.     The *Parker* action alleges false and misleading advertising in connection with

claims by MonaVie and its independent distributors that MonaVie's juices prevent and treat

illnesses and that MonaVie is aware that no clinical studies can support its claim concerning the

benefits of its juices.

41.     The *Parker* action specifically alleges that MonaVie, via its multi-level marketing

scheme with its independent distributors and on MonaVie's website, disseminates false

statements pertaining to the health and curative benefits of MonaVie's juice products and that the

false and misleading representations led consumers to purchase the allegedly overpriced juice

products.

42.     Based on these and other allegations, the Parker action asserts causes of action for

"fraud, deceit and misrepresentation," violations of Utah Consumer Sales Practices Act,

violations of Missouri's Merchandising Practices Act, violations of California's False

Advertising and Unfair Competition Laws, civil conspiracy, violations of the federal Magnuson-

Moss Act and Racketeer Influenced and Corrupt Organizations Act, and violations of the Utah

Pattern of Unlawful Activity Act.  As to relief, the Parker action seeks compensatory, punitive

and statutory damages as well as injunctive relief.

43.     MonaVie reported the *Parker* action to Starr under the 2012 Policy.

44.     Under a full and complete reservation of all of its rights, in letters dated

November 20, 2012 and February 20, 2013, LVL Claims Services, LLC ("LVL"), on behalf of

Starr, agreed to defend the *Parker* action and appointed defense counsel.  At this time, Starr continues to fund the defense of the *Parker* action pending resolution of this action.

      (iii)      **The *Pontrelli* and *Gonzalez* Actions**

    45.    On the same day in August 2013, MonaVie was named as a defendant in the *Pontrelli* and *Gonzalez* actions, which are putative class action complaints filed in New Jersey federal district court and California federal district court, respectively.  True and correct copies of the *Pontrelli* complaint and the *Gonzalez* complaint are attached as Exhibit 6 and Exhibit 7, respectively.

    46.    The *Pontrelli* and *Gonzalez* actions allege false and misleading advertising in connection with MonaVie's juices and false claims related to both the health benefits of the juices and the benefits of becoming a MonaVie distributor.

    47.    The *Pontrelli* and *Gonzalez* actions specifically allege that MonaVie and its distributors, through its multi-level marketing scheme, have engaged in a fraudulent scheme to market MonaVie's juice products and sell them to consumers by falsely promoting the health and medicinal benefits of its juice products.

    48.    The *Pontrelli* and *Gonzalez* actions allege that MonaVie uses its website and celebrity, medical expert and other testimonials to misrepresent the alleged benefits of its products, including by NASCAR driver Geoff Bodine and Dr. Lou Niles, in order to deceive MonaVie's customers into purchasing its products at inflated prices that have no health benefits at all.

49.     Based on these and other allegations, the *Pontrelli* action asserts causes of action for violations of the New Jersey Consumer Fraud Act, fraud and unjust enrichment.  As to relief, the *Pontrelli* action seeks restitution, actual and punitive damages and injunctive relief.

50.     Based on the same allegations, the *Gonzalez* action asserts causes of action for violations of California's Unfair Competition Law, false and misleading advertising, violations of California's Legal Remedies Act, fraud and unjust enrichment.  As to relief, the *Gonzalez* action seeks restitution, damages and injunctive relief.

51.     MonaVie reported the *Pontrelli* and *Gonzalez* actions to Starr under the 2013 Policy.

52.     Under a full and complete reservation of all of its rights, Starr agreed to defend the *Pontrelli* and *Gonzalez* actions and appointed defense counsel.  At this time, Starr continues to defend the *Pontrelli* and *Gonzalez* actions pending resolution of this action.

**C.     Coverage Declination for the *Parker*, *Pontrelli* and *Gonzalez* Actions**

53.     In a letter dated May 23, 2014, Starr denied coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions under the 2012 Policy and the 2013 Policy.

54.     In the May 23 letter, Starr advised MonaVie that coverage was barred under the Policies for the *Parker*, *Pontrelli* and *Gonzalez* actions under the Prior Notice Exclusion and the Pending or Prior Litigation Exclusion and that, even if coverage were available for the *Parker*, *Pontrelli* and *Gonzalez* actions, the relief sought by the plaintiffs in those actions would not constitute Loss under the Policies.

55.     Starr agreed to continue to defend MonaVie in the *Parker*, *Pontrelli* and *Gonzalez* actions under a complete reservation of all of its rights under the Policies and at law, including

14

the right to obtain reimbursement of any amounts paid under the Policies for the defense of the *Parker*, *Pontrelli* and *Gonzalez* actions.

## CONTROVERSY AND RIPENESS

56.     Starr is entitled to declarations that the Policies do not provide coverage to MonaVie for the *Parker*, *Pontrelli* or *Gonzalez* actions.

57.     Upon information and belief, MonaVie has taken or will take issue with Starr's determination that coverage is not afforded under the Policies for the *Parker*, *Pontrelli* or *Gonzalez* actions.

58.     The defenses to coverage and related issues raised by Starr will directly govern Starr's obligations under the Policies.  These matters are therefore ripe for adjudication.

## COUNT I

## DECLARATORY JUDGMENT THAT COVERAGE IS BARRED FOR THE *PARKER*, *PONTRELLI* AND *GONZALEZ* ACTIONS UNDER THE POLICIES BASED ON THE PRIOR NOTICE EXCLUSION

59.     Starr repeats and incorporates by reference the allegations of paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.     The Prior Notice Exclusion of the of each of the Policies precludes from coverage any Loss in connection with any Claim alleging, arising out of, based upon or attributable to the same or essentially the same facts alleged, or to the same or related Wrongful Acta alleged or contained in any Claim which has been reported, or in any circumstances of which notice has been given, before the inception date of each Policy – *i.e.*, May 1, 2012 for the 2012 Policy and May 1, 2013 for the 2013 Policy – under any policy, whether excess or underlying, of which this

15

policy is a renewal or replacement or which it may succeed in time.  Policies, D&O Coverage

Section, Clause 3(g).

61.     The *Quixtar* action was reported to Zurich under a prior D&O policy issued to

MonaVie.

62.     The *Oliver* action was reported to Allied World under a prior D&O Policy issued

to MonaVie.

63.     The *Parker*, *Pontrelli* and *Gonzalez* actions allege, arise out of, are based upon or

attributable to the same or essentially the same facts alleged, or to the same or related Wrongful

Acta alleged or contained in the *Quixtar* action and the *Oliver* action in that each of the actions

allege false and misleading statements and representations by MonaVie in connection with the

multi-level marketing scheme of the purported health and curative benefits of the MonaVie

juices.

64.     Because the *Parker*, *Pontrelli* and *Gonzalez* actions allege, arise out of, are based

upon or attributable to the same or essentially the same facts alleged, or to the same or related

Wrongful Acts alleged or contained in the *Quixtar* action and the *Oliver* action, the Prior Notice

Exclusion precludes coverage for the *Parker* action in its entirety under the 2012 Policy and for

the *Pontrelli* and *Gonzalez* actions in their entirety under the 2013 Policy.

65.     Starr is entitled to a declaration that the 2012 Policy and the 2013 Policy do not

provide coverage for the *Parker*, *Pontrelli* or *Gonzalez* actions, and therefore Starr has no

obligation to defend or indemnify MonaVie with respect to the *Parker*, *Pontrelli* or *Gonzalez*

actions based on the Prior Notice Exclusion in the Policies.

16

## COUNT II

## DECLARATORY JUDGMENT THAT COVERAGE IS BARRED FOR THE *PARKER*, *PONTRELLI* AND *GONZALEZ* ACTIONS UNDER THE POLICIES BASED ON THE PENDING OR PRIOR LITIGATION EXCLUSION

66.     Starr repeats and incorporates by reference the allegations of paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.     To the extent that the Court does not find that the Prior Notice Exclusion in the Policies bars coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions in their entirety, the Pending or Prior Litigation Exclusion serves as a bar to coverage for the $9 million excess of the $1 million in coverage provided by the 2012 Policy as well as the $9 million excess of the $1 million in coverage provided by the 2013 Policy.

68.     The Pending or Prior Litigation Exclusion in the Policies precludes from coverage under each Policy any Loss in connection with any Claim alleging, arising out of, based upon or attributable to, as of the Pending or Prior Date set forth in Item 6 of the Declarations as respects this Coverage Section, any pending or prior: (1) litigation; or (2) administrative or regulatory proceeding or investigation of which an Insured had notice, including any Claim alleging or derived from the same or essentially the same facts, or the same or related Wrongful Acts, as alleged in such pending or prior litigation or administrative or regulatory proceeding or investigation.  Policies, D&O Coverage Section, Clause 3(f).

69.     The Pending or Prior Date for the first $1 million of coverage under both the 2012 Policy and the 2013 Policy is January 16, 2004; September 18, 2008 for the next $4 million, and November 3, 2008 for the final $5 million of the $10 million aggregate limit.  *Id*., Declarations, Item 6.

70.     The *Quixtar* action was filed in March 2008, subsequent to the January 16, 2004 Pending or Prior Date for the first $1 million in coverage but prior to the September 18, 2008 and November 3, 2008 Pending or Prior Dates for the remaining $9 million in coverage under the 2012 Policy and the 2013 Policy.

71.     The *Parker*, *Pontrelli* and *Gonzalez* actions allege or derive from the same or essentially the same facts, or the same or related Wrongful Acts, as alleged in the *Quixtar* action in that each of the actions allege false and misleading statements and representations by MonaVie in connection with the multi-level marketing scheme of the purported health and curative benefits of the MonaVie fruit juices.

72.     Because the *Parker*, *Pontrelli* and *Gonzalez* actions allege or derive from the same or essentially the same facts, or the same or related Wrongful Acts, as alleged in the *Quixtar* action, the Pending or Prior Litigation Exclusion in the 2012 Policy serves as a bar to coverage for the $9 million excess of $1 million in coverage for the *Parker* action, and the Pending or Prior Litigation Exclusion in the 2013 Policy serves as a bar to coverage for the $9 million excess of $1 million in coverage for the *Pontrelli* and *Gonzalez* actions.

73.     Starr is entitled to a declaration that the $9 million excess of $1 million in coverage under the 2012 Policy for the *Parker* action and the 2013 Policy for the *Pontrelli* and *Gonzalez* actions is excluded by the Pending or Prior Litigation Exclusion in the 2012 Policy and the 2013 Policy, respectively.

## COUNT III

## DECLARATORY JUDGMENT THAT COVERAGE IS BARRED FOR THE *PARKER*, *PONTRELLI* AND *GONZALEZ* ACTIONS UNDER THE POLICIES BASED ON THE UNISURABILITY OF THE DAMAGES SOUGHT

74.     Starr repeats and incorporates by reference the allegations of paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     The Policies provide coverage only for Loss as defined in the Policies, and expressly carve out from that term "matters which may be deemed uninsurable under applicable law."  Policies, D&O Coverage Section, Clause 2(h).

76.     Plaintiffs in the *Parker*, *Pontrelli* and *Gonzalez* actions request the return by MonaVie of amounts plaintiffs and other members of the respective putative classes allegedly overpaid for the MonaVie juice products as well as restitution and disgorgement.

77.     To the extent plaintiffs in the *Parker*, *Pontrelli* and *Gonzalez* actions successfully recover the return of amounts for overpayment, restitution or disgorgement, such amounts would be restitutionary in nature and uninsurable as a matter of law.

78.     Starr is entitled to a declaration that there is no coverage under the D&O Coverage Section of the Policies for amounts sought by plaintiffs in the *Parker*, *Pontrelli* and *Gonzalez* actions that fall outside the definition of "Loss."

## COUNT IV

## DECLARATORY JUDGMENT THAT STARR IS ENTITLED TO REIMBURSEMENT OF ANY DEFENSE COSTS PAID UNDER THE POLICIES

79.     Starr repeats and incorporates by reference the allegations of paragraphs 1 through 78 of this Complaint as if fully set forth herein.

19

80.     The Policies provide that "[i]n the event and to the extent that the Insureds shall not be entitled to payment of [Defense Costs] under the terms and conditions of this policy, such payments by [Starr] shall be repaid to [Starr] by the Insureds, severally according to their respective interests."  Policies, GT&C, Clause 6.

81.     To the extent Starr pays Defense costs in connection with the *Parker*, *Pontrelli* or *Gonzalez* actions, such payments are made subject to a complete reservation of all of Starr's rights under the 2012 Policy and the 2013 Policy, respectively, including the right to obtain reimbursement of all amounts Starr pays in the event and to the extent that it is determined that coverage is not available for the *Parker*, *Pontrelli* or *Gonzalez* actions.

82.     Coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions is not available under the Policies, in whole or in part, based on the Prior Notice Exclusion, the Pending or Prior Litigation Exclusion and the Policies's definition of "Loss."

83.     Starr is entitled to an order requiring MonaVie to reimburse Starr for any Defense Costs advanced under the 2012 Policy in defense of the *Parker* actions and for any Defense Costs advanced under the 2013 Policy in defense of the *Pontrelli* and *Gonzalez* actions that are not covered.

## **OTHER POTENTIALLY APPLICABLE COVERAGE DEFENSES**

84.     Other terms, conditions or exclusions of the Policies may ultimately be implicated.  Nothing in this Complaint should be construed as a waiver by Starr of any other coverage defenses under the Policies with respect to any claim or potential claim and Starr reserves the right to raise all other terms, conditions and exclusions of the Policies, including without limitation the "Specific Litigation/Event Exclusion" in the 2013 Policy (2013 Policy,

D&O Coverage Section, Clause 3, as amended by Endorsement No. 9) and the "Anti-Trust Exclusion" in the 2013 Policy (2013 Policy, D&O Coverage Section, Clause 3, as amended by Endorsement No. 5), as defenses to coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions as appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Starr requests that this Court enter a declaratory judgment in its favor:

A.   Declaring that, for the reasons set forth in Count I, the Policies do not provide coverage for the *Parker*, *Pontrelli* and *Gonzalez* actions, and therefore Starr has no obligation to defend or indemnify MonaVie with respect to the *Parker*, *Pontrelli* or *Gonzalez* actions;

B.   Declaring that, for the reasons set forth in Count II, the $9 million excess of $1 million in coverage under the 2012 Policy for the *Parker* action and the 2013 Policy for the *Pontrelli* and *Gonzalez* actions is excluded by the Pending or Prior Litigation Exclusion in the respective Policies;

C.   Declaring that, for the reasons set forth in Count III, no coverage exists for the relief sought in the *Parker*, *Pontrelli* and *Gonzalez* actions to the extent that it falls outside the definition of "Loss" in the D&O Coverage Section of the Policies;

D.   Declaring that, for the reasons set forth in Count IV, Starr is entitled to reimbursement of all amounts advanced by Starr as Defense Costs in defense of the *Parker*, *Pontrelli* and *Gonzalez* actions as well as an award of prejudgment interest; and

E.      Awarding Starr such additional declaratory and other relief as shall be found to be

appropriate under the circumstances.

Respectfully submitted,

Dated: May 23, 2014                     By:/s/ Jeffrey L. Silvestrini
                                        Jeffrey L. Silvestrini
                                        *Attorneys for Plaintiff Starr Indemnity &*
                                        *Liability Company*

Daniel J. Standish (pro hac vice to be filed)    Jeffrey L. Silvestrini
Parker J. Lavin (pro hac vice to be filed)       Vernon L. Hopkinson
Wiley Rein LLP                                   Cohne Rappaport & Segal, P.C.
1776 K Street NW                                 257 E. 200 S., Ste. 700
Washington, DC 20006                             Salt Lake City, UT  84147-0008
202.719.7000                                     801.532.2666
dstandish@wileyrein.com                          jeff@crslaw.com
plavin@wileyrein.com                             vern@crslaw.com

4850-7089-1547, v.  1

22