IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MONAVIE, INC., and MONAVIE, LLC,<br><br>Defendants,<br>and<br><br>ANDREW HARBUT and LISA PONTRELLI,<br><br>Intervenors. | **MEMORANDUM DECISION AND ORDER:**<br>• **DENYING [67] MOTION FOR DEFAULT JUDGMENT;**<br>• **GRANTING [45] MOTION TO INTERVENE; AND**<br>• **GRANTING [68] MOTION TO TRANSFER RELATED CASE**<br><br>Case No. 2:14-cv-00395-DN<br><br>District Judge David Nuffer |

This order denies an insurer's motion for default against a defunct insured, and allows claimants against the insurance policy to have a voice in this case.

## BACKGROUND

Plaintiff Starr Indemnity & Liability Company ("Starr") initiated this action seeking a declaratory judgment regarding its insurance coverage obligations. Starr alleges that certain liability insurance policies it issued to defendants MonaVie, Inc. and MonaVie, LLC (collectively, "MonaVie") do not afford coverage for three lawsuits against MonaVie tendered to Starr.[1] The claimants in two of the suits for which coverage is at issue in this case, Andrew Harbut and Lisa Pontrelli (collectively, the "MonaVie Claimants"), have moved to intervene in

---

[1] Complaint, docket no. 2, filed May 23, 2014.

this coverage action.[2] Mr. Harbut's case proceeded in the United States District Court for the Central District of California until the court transferred the case to the District of Utah, where it is now pending before another judge.[3] Mr. Harbut has filed a Motion to Transfer Related Case[4] in an effort to consolidate his case with this one. Ms. Pontrelli's case proceeded in the United States District Court for the District of New Jersey until it was likewise transferred to the District of Utah.[5] In transferring Ms. Pontrelli's case, the District of New Jersey specifically reasoned that this coverage action by Starr potentially implicates Ms. Pontrelli's interests.[6]

Defendant MonaVie is no longer participating in the case. MonaVie's counsel was granted a motion to withdraw, which reported that "the assets of [MonaVie] were foreclosed upon and [MonaVie is] no longer in business."[7] When MonaVie failed to appoint new counsel as ordered, default was entered against MonaVie.[8] Based on MonaVie's default, Starr has moved for a default judgment.[9] A default judgment would result in a declaration that no liability insurance coverage is available to pay the MonaVie Claimants.[10] Such a declaration would make little difference to defunct MonaVie, the defaulting defendant. Rather, the parties with the most to lose from a default judgment are the MonaVie Claimants, whose potential recovery under the Starr policies would be short-circuited.

---

[2] Motion to Intervene, docket no. 45, filed December 30, 2016.

[3] *Parker v. MonaVie, Inc.*, Case No. 2:17-cv-00764-DBP (D. Utah).

[4] Motion to Transfer Related Case, docket no. 68, filed August 10, 2017.

[5] *Pontrelli v. MonaVie, Inc.*, Case No. 2:13-cv-04649-WJM-MF, Opinion, ECF No. 70, filed October 27, 2017.

[6] *Id.* at 10, 12 ("[A] decision in *Starr* could implicate the interests of [Pontrelli], as is evidenced by her motion to intervene in the case.").

[7] Motion to Withdraw as Counsel for MonaVie, Inc., and MonaVie, LLC at 2, docket no. 39, filed November 14, 2016.

[8] Order Granting Motion for Entry of Default against MonaVie, Inc. ("Order Granting Default"), docket no. 65, filed July 12, 2017.

[9] Motion for Default Judgment, docket no. 67, filed August 1, 2017.

[10] Motion for Default Judgment at 2.

The parties need answers to two general questions. First, does Starr have a coverage obligation to MonaVie for the suits by the MonaVie Claimants? Even if MonaVie will not concern itself with this question, the MonaVie Claimants have a potential interest in the Starr policies, and they are entitled to a decision on the merits as to coverage. Starr's Motion for Default Judgment is therefore DENIED. The MonaVie Claimants' Motion to Intervene in the coverage action is GRANTED.

Second, is MonaVie liable to the MonaVie Claimants? This court is best situated to resolve that question. Accordingly, Mr. Harbut's Motion to Transfer Related Case is GRANTED. Ms. Pontrelli's action, which is pending transfer,[11] is consolidated with this case *sua sponte*.

## DISCUSSION

### Default Judgment Is Denied.

Based on MonaVie's default, Starr filed its Motion for Default Judgment.[12] The MonaVie Claimants filed a response to the Motion for Default Judgment.[13] As nonparties, the MonaVie Claimants sought leave to submit a proposed opposition,[14] which has been considered in light of the finding herein that the MonaVie Claimants are permitted to intervene.

The MonaVie Claimants argue that MonaVie's default should be set aside.[15] Good cause to set aside the default against MonaVie under Rule 55(c) is not apparent.[16] MonaVie's own

---

[11] *Pontrelli v. MonaVie, Inc.*, Case No. 2:13-cv-04649-WJM-MF, Opinion, ECF No. 70, filed October 27, 2017.

[12] Motion for Default Judgment.

[13] Response to Motion, docket no. 69, filed August 15, 2017.

[14] Proposed Opposition, Exhibit 1 to Response to Motion, docket no. 69-1, filed August 15, 2017.

[15] *Id.* at 3–7.

[16] Fed. R. Civ. P. 55(c).

action, or inaction in the case, gives the court no basis for reinstating MonaVie as a defendant. However, the default against MonaVie need not be set aside to deny a default judgment.

Rule 55 separates (a) entering a default from (b) entering a default judgment.[17] Under Rule 55(a), a defendant is mandatorily subject to default where the defendant fails to "plead or otherwise defend" the claims.[18] Under Rule 55(b), where the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment.[19] Here, Starr does not seek a certain or calculable sum; rather, Starr's proposed default judgment would declare its lack of a coverage obligation to MonaVie.

Under the circumstances, where a default judgment would decide the potential interests of the MonaVie Claimant based on the inaction of MonaVie, a default judgment would be improper. "Default judgments, to be certain, are disfavored."[20] Other federal courts have resisted default judgment in coverage actions where an intervening party has an interest in the coverage issues.[21] In *Security Insurance Company of Hartford v. Schipporeit*, an insurer sought a default judgment as to coverage when the defendant, the primary insured, failed to make an appearance in the case.[22] The district court found that a default judgment would jeopardize the pressing, clear, and obvious interest of an underlying claimant who stood to benefit from the insurance

---

[17] Fed. R. Civ. P. 55.

[18] Fed. R. Civ. P. 55(a).

[19] Fed. R. Civ. P. 55(b).

[20] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[21] *Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377 (7th Cir. 1995); *see also Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 353–54 (3d Cir. 1986) (holding that the insurer's declaratory relief action presented a justiciable controversy for the injured parties even though the insured tortfeasor had suffered a default judgment). *Cf. Nautilus Ins. Co. v. 8160 South Memorial Drive, LLC*, 436 F.3d 1197 (10th Cir. 2006) (holding that a district court did not abuse its discretion in entering default judgment in favor of an insurer on a coverage determination).

[22] *Id.* at 1380.

coverage.[23] The Seventh Circuit affirmed the district court's decision allowing the underlying claimant to intervene and denying a motion for default judgment.[24] The court of appeals observed that the insurance company "wanted a quick, unopposed adjudication that it had no obligation to defend or indemnify [the primary insured]," but the "district court wisely allowed a more worthy opponent to get into and onto the court."[25]

This case also deserves a worthy opponent. Starr's proposed default judgment would establish that Starr's policies provide no coverage for Mr. Harbut's action or Ms. Pontrelli's action.[26] Such a declaration would jeopardize the MonaVie Claimants' potential interests without any resistance. Rather than permit MonaVie's inaction to determine the coverage issues based on, the Motion for Default Judgment[27] will be denied.

**The MonaVie Claimants Are Permitted to Intervene in the Coverage Action.**

In the same time frame when MonaVie defaulted in the coverage action by failing to appoint new counsel when its prior counsel withdrew, the MonaVie Claimants filed a Motion to Intervene.[28] Rule 24 provides for intervention of right and permissive intervention into an action. The Tenth Circuit "has stated that intervention is appropriate where: 1) the motion is timely; 2) the movant has an interest in the property at issue in the suit; 3) that interest may be impaired absent intervention; and 4) the movant is not adequately represented by existing parties."[29] Each of these elements supports intervention by the MonaVie Claimants. The MonaVie Claimants

---

[23] *Id.*

[24] *Id.* at 1381.

[25] *Id.*

[26] Motion for Default Judgment at 2.

[27] *Id.*

[28] Motion to Intervene, docket no. 45, filed December 30, 2016.

[29] *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009).

sought to intervene before default was entered against MonaVie, and within a week of discovering their interests in the Starr policies were at risk in this case.[30] The MonaVie claimants have an interest in their potential recovery against MonaVie and Starr's obligations to defend and indemnify MonaVie. Indeed, both the District of New Jersey and the Central District of California cited that interest—the potential availability of insurance coverage—as a reason for transferring the MonaVie Claimants' cases to the District of Utah.[31] MonaVie has demonstrated by defaulting in this action that it will not defend its own interests, which means that the MonaVie Claimants' interest may be impaired absent intervention and that the MonaVie Claimants are not adequately represented by the existing parties.

The intervention also does not unduly delay or prejudice the parties' rights under Rule 24(c).[32] Defendant MonaVie has defaulted by failing to appear.[33] And as the Seventh Circuit observed, an insurer pursing a declaratory relief against coverage, "can hardly be said to be prejudiced by having to prove a lawsuit it chose to initiate."[34] For these reasons, the Motion to Intervene[35] is granted.

### The MonaVie Claimants' Cases Are Transferred to Judge Nuffer.

The MonaVie Claimants' cases already have been transferred to the District of Utah.[36] Those actions should be transferred to Judge Nuffer under DUCivR 83-2(g), which provides that

---

[30] Motion to Intervene at 6–7.

[31] *Pontrelli v. MonaVie, Inc.*, Case No. 2:13-cv-04649-WJM-MF, Opinion, ECF No. 70, filed October 27, 2017; *Parker v. MonaVie, Inc.*, Case No. 2:17-cv-00764-DBP, Order, ECF No. 155, filed July 10, 2017.

[32] Fed. R. Civ. P. 24(c).

[33] Order Granting Default.

[34] *Security*, 69 F.3d at 1381.

[35] Docket no. 45.

[36] *Pontrelli v. MonaVie, Inc.*, Case No. 2:13-cv-04649-WJM-MF, Opinion, ECF No. 70, filed October 27, 2017; *Parker v. MonaVie, Inc.*, Case No. 2:17-cv-00764-DBP, Order, ECF No. 155, filed July 10, 2017.

"[w]henever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case."[37] This coverage action is the lower-numbered case of the three. Our local rule identifies a number of factors for transfer of a related case, several of which apply here. The cases involve substantially the same parties and events—the litigation by the MonaVie Claimants and the insurance coverage for that litigation.[38] The cases call for a determination of the same or substantially related questions of law and fact.[39] The coverage determination will assess the nature of the litigation by the MonaVie Claimants. And these cases could "entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[40] As outlined below, the cases should proceed in two phases, with the coverage determination preceding the MonaVie Claimants' claims.

Mr. Harbut and Ms. Pontrelli, the MonaVie Claimants, have been represented by the same counsel on their Motion to Intervene and other activity in this case. Anticipating Pontrelli's interest in transferring her action against MonaVie to Judge Nuffer, her case is likewise ordered transferred to Judge Nuffer.

**The Case Should Proceed in Two Phases.**

This case will be referred to a magistrate judge for non-dispositive motions and for a scheduling conference. The schedules should include two phases. First, the parties will handle all disclosures and discovery related to the coverage claims in this coverage action. Then the court will hear a motion or evidentiary hearing on the coverage claims. No jury trial has been

---

[37] DUCivR 83-2(g).

[38] DUCivR 83-2(g)(1)–(2) .

[39] DUCivR 83-2(g)(4).

[40] DUCivR 83-2(g)(5).

requested in this case. Unless Starr proves that no coverage is afforded under its policies on the MonaVie Claimants' claims, the cases will proceed to the second phase. In the second phase, the parties will handle all disclosures and discovery related to the MonaVie Claimants' claims. Dispositive motion, pretrial conference, and trial dates should be set for the second phase in Mr. Harbut and Ms. Pontrelli's cases. The magistrate judge should enter scheduling orders consistent with this Memorandum Decision and Order.

**ORDER**

IT IS HEREBY ORDERED that the Motion for Default Judgment[41] is DENIED.

IT IS FURTHER ORDERED that the Motion to Intervene[42] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Transfer Related Case[43] is GRANTED. Civil Case No. 2:17-cv-00764-DBP, *Parker v. MonaVie, Inc.*, now before Judge Pead is transferred to Judge Nuffer. *Pontrelli v. MonaVie, Inc.*, Case No. 2:13-cv-04649-WJM-MF, once the case is transferred to the District of Utah pursuant to the District of New Jersey's October 27, 2017 order, will be transferred to Judge Nuffer.

The cases will be referred to a magistrate judge for a scheduling conference consistent with this Memorandum Decision and Order.

Dated November 17, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[41] Docket no. 67.

[42] Docket no. 45.

[43] Docket no. 68.